UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON ALLEN WILSON,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | No. 2:20-cv-0591-DAD-DB P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR FEDERAL HABEAS RELIEF<br><br>(Doc. Nos. 1, 29) |

Petitioner Gordon Wilson proceeds with counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 12, 2022, the assigned magistrate judge issued findings and recommendations recommending that the petition for federal habeas relief be denied on the merits. (Doc. No. 29.)[1] Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service and that any response to objections filed was due within seven (7) days after service of the objection. (*Id*. at 29–30.) On September 12, 2022, counsel on behalf of petitioner filed timely objections to the

/////

---

[1] On August 25, 2022, this case was reassigned to the undersigned district judge. (Doc. No. 31.)

1

pending findings and recommendations. (Doc. No. 32.) Respondent filed no response to those objections.

In his objections, petitioner again addresses his only two claims for federal habeas relief: ineffective assistance of trial counsel and instructional error at his trial at which he was convicted on all thirteen charged counts of lewd acts on a child in violation of California Penal Code § 288(a). (Doc. No. 32 at 2–10.) In doing so, petitioner's counsel, in large part, repeats the arguments advanced in the pending petition and traverse. (See Doc. Nos. 1 at 29–55; 25-1.) Petitioner's objections do not provide any basis to call into question the analysis and rejection of his two claims for relief set forth in the pending findings and recommendations.

In particular, the undersigned notes that the findings and recommendations recommend denial of relief as to most aspects of petitioner's ineffective assistance of trial counsel claim due to petitioner's failure to establish prejudice with respect to that claim—that is, that had trial counsel performed as petitioner believes he should have, there is a reasonable probability that the result of petitioner's trial would have been different.[2] (Doc. No. 29 at 8, 18–20, 23.) Petitioner has not meaningfully addressed his failure to establish the required prejudice in his objections to the findings and recommendations. *See Strickland v. Washington,* 466 U.S. 668, 697 (1984) ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") Rather, petitioner merely suggests that if the court were to grant him an evidentiary hearing and allow him to utilize the court's "subpoena power and compulsory process" he could perhaps address this deficiency. (Doc. No. 32 at 4–5, 7–8.) Petitioner's conclusory and unsupported allegations of prejudice are clearly insufficient. *See*

---

[2] The lone exception would be petitioner's claim, which appears to be based on his counsel's misreading of the trial court record, that his trial counsel was ineffective in failing to move for recusal of the judge presiding over the trial at which he was convicted. As to that aspect of the claim, the magistrate judge appropriately recommended that relief be denied because there was no showing of ineffective assistance at all. Indeed, petitioner's counsel does not address this conclusion in the objections.

2

1    *Gallegos v. Ryan,* 820 F.3d 1013, 1035 (9th Cir. 2016) ("Gallegos's speculative assertions that
2    more consultation with an expert could somehow have aided Clark in preparing his defense or in
3    cross-examining Dr. Bolduc are unpersuasive and insufficient to establish prejudice."); *Wildman*
4    *v. Johnson,* 261 F.3d 832, 839 (9th Cir. 2001) ("Wildman offered no evidence that an arson
5    expert would have testified on his behalf at trial.  He merely speculates that such an expert could
6    be found.  Such speculation, however, is insufficient to establish prejudice."); *Dows v. Wood*, 211
7    F.3d 480, 486–87 (9th Cir. 2000) (finding no ineffective assistance of counsel for failure to call
8    an alleged alibi witness where the petitioner did not identify an actual witness, did not provide
9    evidence that the witness would have testified, nor presented an affidavit from the alleged witness
10   he claimed should have been called); *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997)
11   ("Speculation about what an expert could have said is not enough to establish prejudice."); *United*
12   *States v. Harden*, 846 F.2d 1229, 1231–32 (9th Cir. 1988) (finding no ineffective assistance
13   where counsel failed to call a witness because, among other things, there was no evidence in the
14   record that the witness would testify).

15   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
16   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
17   court finds the findings and recommendations to be supported by the record and proper analysis.

18   Additionally, the court will decline to issue a certificate of appealability in this case.  A
19   petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
20   denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v.*
21   *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on
22   the merits, the court may only issue a certificate of appealability if "jurists of reason could
23   disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists
24   could conclude the issues presented are adequate to deserve encouragement to proceed further."
25   *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the
26   petitioner is not required to prove the merits of his case, he must demonstrate "something more
27   than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537
28   U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the

court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right.

Accordingly,

1. The findings and recommendations filed on August 12, 2022 (Doc. No. 29) are adopted in full;
2. The petition for federal habeas relief (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 24, 2023**

UNITED STATES DISTRICT JUDGE